Filed 9/29/14  SFSU v. WCAB CA1/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

SAN FRANCISCO STATE UNIVERSITY
et al.,

     Petitioners,

v.

WORKERS' COMPENSATION APPEALS
BOARD and ELLEN JONES,

     Respondents.

A141793

WCAB Case No. ADJ7076922)

Petitioners San Francisco State University and Sedgwick Claims Management Services (petitioners) seek a Writ of Review pursuant to Labor Code section 5950 ordering the Workers' Compensation Appeals Board (WCAB) to vacate its April 4, 2014 decision that respondent Ellen Jones (applicant) is entitled to attorney fees pursuant to the version of Labor Code section 4064, subdivision (c), in effect until January 1, 2013, when an amended version of the statute took force.[1]  Petitioners seek a determination by this court that the amended version of section 4064, subdivision (c), should apply to this case, and operate to preclude applicant's recovery of such fees.  For reasons discussed below, we grant petitioners' requests for relief.

### PROCEDURAL AND FACTUAL HISTORY

Applicant was employed as a lecturer by petitioner San Francisco State University (SFSU) from July 2005 to July 2006.  During this period of employment, applicant

---

[1]     Unless otherwise stated, all statutory citations herein are to the Labor Code.

1

injured her bilateral upper extremities and lower back and was referred to a state-appointed qualified medical examiner. SFSU, through its administrator, petitioner Sedgwick Claims Management Services, retained legal counsel who, in turn, filed an application for adjudication of claim with the WCAB in May 2009. At the same time, petitioners noticed applicant's deposition for July 2009. When this application was filed, applicant was unrepresented.[2]

In June 2012, after discovery, this matter was tried before Workers' Compensation Judge Stanley Shields (WCJ). In September 2012, the WCJ issued his Findings, Award, and Order, which included the following factual determinations (with original numbering):

1. Applicant sustained injury arising out of and occurring in the course of her employment to her low back and bilateral hands;

4. Applicant has sustained permanent disability of nine percent after certain applicable adjustments, with benefits payable in the total amount of $6,210.00;

6. Applicant's attorney is entitled to a fee pursuant to section 4064;

7. Petitioners are entitled to costs pursuant to section 4062.3, subdivision (g)[3];

8. Petitioners may not utilize section 4062.3, subdivision (g) to defeat liability for attorney fees pursuant to section 4064;

---

[2]     Applicant had retained counsel by the time of her deposition.

[3]     Section 4062.3, subdivision (g) provides: "Ex parte communication with an agreed medical evaluator or a qualified medical evaluator selected from a panel is prohibited. If a party communicates with the agreed medical evaluator or the qualified medical evaluator in violation of subdivision (e), the aggrieved party may elect to terminate the medical evaluation and seek a new evaluation from another qualified medical evaluator to be selected according to Section 4062.1 or 4062.2, as applicable, or proceed with the initial evaluation." In this case, the WCJ found applicant, while acting pro per, inadvertently engaged in ex parte communications with a qualified medical examiner, thereby coming within the scope of section 4062.3, subdivision (g). The WCJ's findings in this regard, including its finding that petitioners are entitled to certain costs under section 4062.3, subdivision (g), are not at issue in these writ proceedings and, thus, will be discussed no further herein.

9.      Legally and equitably, the costs pursuant to Finding No. 7 shall operate as an offset against the fees awarded pursuant to Finding No. 6;

10.     The record is in need of further development in regard to the fee to be awarded pursuant to section 4064 and costs to be awarded pursuant to Finding No. 7.

Petitioners thereafter moved the WCAB for reconsideration or, in the alternative, removal of the WCJ's September 2012 Findings, Award, and Order, arguing, among other things, that the WCJ erred in finding them liable for attorney fees.[4] The WCAB, in turn, issued an opinion on December 13, 2012, granting petitioners' motion for reconsideration and removal. Specifically, the WCAB stated it would "amend the WCJ's decision to defer the issue of whether [petitioners] may use [] section 4062.3(g) to defeat [their] liability for attorney's fees pursuant to [] section 4064 and to clarify that defense counsel is not required to serve a complete itemization of her billing." In doing so, the WCAB expressly noted "the WCJ has not yet awarded an attorney's fee under [] section 4064 or costs under [] section 4062.3, subdivision (g). . . . [T]o the extent [the motion] requests that the calculation of the attorney's fees or the costs occur in a certain way is premature. [Petitioner] may make these arguments at the trial level. . . . In order to avoid bifurcation, we will grant reconsideration and *defer the issue of whether defendant may use [] section 4062.3(g) to defeat its liability for attorney's fees pursuant to [] section 4064*. [Fn. omitted.] Although we agree with the WCJ's analysis of this issue, for the sake of judicial economy all issues related to attorney's fees and costs should be adjudicated at the same time."

Finally, in a footnote, the WCAB added: "Because the WCJ has not yet awarded attorney fees or costs, Findings of Fact number 8 [that petitioners may not use section 4062.3, subdivision (g) to defeat liability under section 4064] is the sole finding related to

---

[4]     Specifically, petitioners argued, among other things, that, because applicant violated section 4062.3 by engaging in ex parte communications with a panel-qualified medical examiner, they could not be held liable for fees under section 4604; that requiring an employer to pay attorney fees in excess of that incurred by the employee is prohibited; and that removal is necessary to develop the record with respect to attorney fee itemization.

fees or costs that may be interpreted as a final order subject to reconsideration."  The WCAB then granted petitioners' motion for reconsideration and removal, and affirmed the WCJ's September 2012 decision with the exception of Finding No. 8, which the WCAB amended as follows before remanding for further proceedings:

"8.  The issue of whether [petitioner] may utilize [] section 4062.3(g) to defeat its liability for attorney fees pursuant to [] section 4064 is deferred with jurisdiction reserved at the trial level."

At the time the WCAB issued this remand/removal order with respect to the WCJ's September 2012 Findings, Award and Order, the version of section 4064, subdivision (c), in effect provided:  "Subject to Section 4906, if an employer files an application for adjudication and the employee is unrepresented at the time the application is filed, the employer shall be liable for any attorney's fees incurred by the employee in connection with the application for adjudication."  However, effective January 1, 2013, section 4064, subdivision (c) was amended to provide:  "Subject to Section 4906, if an employer files a declaration of readiness to proceed and the employee is unrepresented at the time the declaration of readiness to proceed is filed, the employer shall be liable for any attorney's fees incurred by the employee in connection with the declaration of readiness to proceed."  Thus, the triggering event for the unrepresented applicant's right to attorney fees changed from the employer's filing of an application for adjudication of claim to the employer's filing of a declaration of readiness to proceed.  (Here, applicant filed this declaration of readiness to proceed.)  In addition, when enacting these and other amendments to the Labor Code, the Legislature made the express finding that:  "This act shall apply to *all pending matters*, regardless of date of injury, unless otherwise specified in this act, *but shall not be a basis to rescind, alter, amend, or reopen any final award of workers' compensation benefits*."  (Stats. 2012, ch. 363, § 84, p. 3799.)

In July 2013, following the effective date of the amended version of section 4064, subdivision (c), the WCJ conducted further proceedings on remand from the WCAB's December 13, 2012 decision.  The WCJ thereafter issued Findings of Fact and an Opinion on Decision, dated October 16, 2013, in which it determined, based upon the

4

amended statute, that applicant was not entitled to attorney fees.[5]  As such, the WCJ declared moot all other previously-decided issues relating to attorney fees.

In reaching this decision, the WCJ expressed confusion with respect to the WCAB's December 2012 order and, in particular, whether it amounted to a final decision with regard to applicant's right to recover attorney fees pursuant to section 4064, subdivision (c).  While the WCAB stated in footnote one of its order that, "[b]ecause the WCJ has not yet awarded attorney fees or costs, Findings of Fact number 8 is the sole finding related to fees or costs that may be interpreted as a final order subject to reconsideration", the WCAB then proceeded in seemingly contradictory fashion to "affirm" the WCJ's Findings Nos. 6, 7 and 9.  Finding No. 6, in turn, provided that "Applicant's attorney is entitled to a fee pursuant to [] Section 4064."

Nonetheless, despite this apparent inconsistency, the WCJ ultimately decided that, because no party had sought reconsideration of the WCAB's order, it had become final and binding, including the part of such order deferring "all issues related to attorney's fees and costs [to] be adjudicated at the same time."  As such, the WCJ took it upon itself to reconsider the issue of applicant's entitlement to attorney fees under the newly enacted version of section 4064, subdivision (c), in light of the legislative directive that this version "shall apply to all pending matters."  And, after having done so, the WCJ determined she had no such right.

This time, applicant sought reconsideration by the WCAB of the WCJ's October 2013 findings and opinion on attorney fees.  The WCAB, in an order dated January 14, 2014, granted her request for reconsideration and set aside the WCJ's denial of fees under the newly revised statute, explaining:
"We did not intend to state [in footnote one of the December 13, 2012 opinion and decision] that Finding of Fact number 6 [awarding applicant attorney fees under section

_____

[5]    Applicant was unrepresented when petitioners filed the application for adjudication, the triggering event under the prior version of the statute.  However, applicant was not entitled to attorney fees under the new version of the statute because she, not petitioners, filed the declaration of readiness to proceed.

5

4064] was not a final decision subject to reconsideration, although we recognize that the footnote could be interpreted that way. In any event, a footnote in an Opinion on Decision does not change the effect of our affirmation [of] Finding of Fact number 6. Finding of Fact number 6 is a final decision." The WCAB thus concluded based on this reasoning that "the amendment of the Labor Code section 4064 does not affect applicant's attorney's fee request in this case," and remanded the matter to the WCJ for calculation of the amount of fees to which applicant was entitled.

Petitioners sought reconsideration of the WCAB's January 2014 order, arguing, as they do here, that the attorney fee issue was still pending when the WCJ reconsidered the issue on remand in October 2013. As such, they reasoned, the WCJ was correct to apply the version of section 4064, subdivision (c) that became effective on January 1, 2013, and the WCAB, in turn, lacked jurisdiction to alter or amend the WCJ's ruling. On April 7, 2014, however, the WCAB rejected petitioners' challenge and affirmed its previous order awarding applicant attorney fees pursuant to the prior version of section 4064, subdivision (c). In doing so, the WCAB reiterated that the fee award in this case had become "final" prior to the January 1, 2013 effective date of the amended version of the statute, when the WCAB issued its December 13, 2012 decision to affirm the WCJ's Finding of Fact No. 6.

In response, petitioners filed the petition for writ of review now before us. In doing so, petitioners ask this court for a determination as a matter of law that the amended version of section 4064, subdivision (c), governs this case because, when the amendment became effective on January 1, 2013, the matter of applicant's right to attorney fees was still pending. Accordingly, petitioners argue, the WCAB acted in excess of its jurisdiction by applying the previous version of the statute. For reasons discussed below, we agree and grant their requests.

**DISCUSSION**

The sole issue before us is whether the WCAB acted in excess of jurisdiction or otherwise erred in failing to apply the amended version of section 4064, subdivision (c), effective January 1, 2013, to the parties' dispute over applicant's right to attorney fees.

6

The relevant statutory provisions – to wit, the pre- and post-amendment versions of section 4064, subdivision (c) – are set forth above. (Page 4, *ante*.) As the statutory language reflects, there is a key difference in the old and new versions of this statute that, in this case, happens to be determinative on the issue of applicant's right to recover the attorney fees. To summarize, before section 4064, subdivision (c), was amended, the event that triggered an unrepresented applicant's right to recover the statutory fees was the employer's filing of the application for adjudication; after the amendment, the relevant event became the employer's filing of a declaration of readiness to proceed. This amendment became effective January 1, 2013, and, according to a legislative note from the 2012 Regular Session, "shall apply to *all pending matters*, regardless of date of injury, unless otherwise specified in this act, but *shall not be a basis to rescind, alter, amend, or reopen any final award of workers' compensation benefits*." (Stats. 2012, ch. 363, § 84, p. 3799 [italics added].)

In this case, as explained above, when the WCJ first issued a finding on September 28, 2012 that applicant was entitled to recover attorney fees pursuant to section 4064, subdivision (c), the pre-amendment version of the statute was in effect. However, by the time the WCJ was called upon on remand from the WCAB to consider the attorney fee issue again on October 16, 2013, the statutory amendment was in effect. As such, applying the new version of the statute, the WCJ made the contrary finding that applicant was not entitled to recover attorney fees.[6] The WCAB thereafter found this to be an erroneous decision, and reversed it. Whether the WCAB (or WCJ) made the proper decision in this regard hinges, as all parties recognize, on whether there was "any final award" of workers' compensation benefits, which includes the benefit of attorney fees, when the amended statute took effect on January 1, 2013. (Stats. 2012, ch. 363, § 84, p. 3799.)

---

[6] The factual findings regarding applicant's eligibility to recover attorney fees pursuant to the previous and current versions of section 4064, subdivision (c), are not in dispute.

7

Having considered this legal issue de novo, as the law requires (*Barnes v. Workers' Comp. Appeals Bd*. (2000) 23 Cal.4th 679, 685), we agree with petitioners the amended version of section 4064, subdivision (c), not the previous version applied by the WCAB, governs this case. Simply put, there was no "final award" of attorney fees as of January 1, 2013, when the amendment took force. What we had in place was the WCAB's December 13, 2012, order granting petitioners' motion for reconsideration and removal, which expressly states that "the WCJ *has not yet awarded* attorney's fees under [] section 4064 or costs under [] section 4062.3[, subdivision (g)]." By this order, the WCAB then "amend[ed] the WCJ's decision to *defer the issue of whether [petitioners] may use [] section 4062.3(g) to defeat [their] liability for attorney's fees pursuant to [] section 4064* and to clarify that defense counsel is not required to serve a complete itemization of her billing." In doing so, the WCAB emphasized its intent to "avoid bifurcation" by granting reconsideration and "*defer[ing] the issue of whether defendant may use [] section 4062.3(g) to defeat its liability for attorney's fees pursuant to [] section 4064*. [Fn. omitted.] Although we agree with the WCJ's analysis of the issue, *for the sake of judicial economy all issues related to attorney's fees and costs should be adjudicated at the same time*." (Italics added.)

Much has been made of the footnote to the WCAB's order stating: "Because the WCJ has not yet awarded attorney fees or costs, Findings of Fact number 8 is the sole finding related to fees or costs that may be interpreted as a final order subject to reconsideration." As the WCJ lamented, this footnote appears to run counter to the WCAB's subsequent affirmance of several of its Findings of Fact, including No. 6, by which it found applicant entitled to attorney fees under the previous version of section 4064, subdivision (c). We, however, find no need to dwell on this apparent inconsistency, given the clarity of the WCAB's ultimate order that "The issue of whether [petitioner] may utilize [] section 4062.3(g) to defeat its liability for attorney's fees pursuant to [] section 4064 is deferred with jurisdiction reserved at the trial level." This statement, read in context, provides the answer to our inquiry. Where the issue of applicant's right to fees under section 4064 is "deferred" and the matter remanded to the

8

WCJ – after the WCAB twice recognized in its opinion that the WCJ had "not yet awarded" such fees – we can conceive of no basis in law or reason for concluding that a "final award" of fees had already been, or was being, made. As explained in applicant's own authority in opposing this petition, "a final order, decision, or award, in the commonly accepted sense is one which determines any substantive right or liability of those involved in the case." (*Kaiser Foundation Hospitals v. Workers' Compensation Appeals Board* (1978) 82 Cal.App.3d 39, 45.) Where an appeals board has deferred consideration of whether the applicant has a right to fees pursuant to section 4064, subdivision (c) or, alternatively, whether the employer may defeat liability for such fees pursuant to section 4062.3, subdivision (g), we are at a loss as to how the conclusion could be drawn that such right or liability has been "determine[d]." (See *Kaiser Foundation Hospitals v. Workers' Compensation Appeals Board, supra,* at p. 45.)

As such, the Legislature directs us to apply the amended version of section 4064, subdivision (c), which version, in turn, provides applicant no right to the attorney fees (a fact she does not contest). (Stats. 2012, ch. 363, § 84, p. 3799.) No further analysis is required. Petitioners' petition for writ of review and requests for relief must be granted.

## DISPOSITION

We grant petitioners' request for writ of review and vacate the WCAB's Opinion and Order Denying Petition for Reconsideration, dated April 4, 2014. We remand the matter to the WCAB for such further proceedings as may be consistent with this opinion.

_____
Jenkins, J.

We concur:

_____
McGuiness, p. J.

_____
Siggins, J.